Daniel, J.
 

 The plaintiff obtained a judgment against Samuel Ferebee for #500, with compound interest from the 7th June 1832, on a bond executed to McPherson, the guardian of , and the plaintiff’s in
 
 *449
 
 testate, by the plaintiff himself, Enoch D. Ferebee, Samuel Ferebee, Isaac Baxter and others. The judgment was confessed by Samuel Ferebee, who was sued alone on the bond. Execution issued, and it came to the hands of the said Isaac Baxter, who was then the sheriff; and the plaintiff, while the execution was in Baxter’s hands, assigned the judgment to him. The execution was never levied. The judgment became dormant, and the plaintiff issued this
 
 scire facias to
 
 revive it. The defendant pleaded to the
 
 sci. fa. Nul iiel record, payment and satisfaction.
 
 The Judge pronounced, that there was such a record. And it appears to us, that the
 
 sci. fa.
 
 corresponds with the transcript, sent up here, of the record of the said judgment. We must therefore say, that his Honor’s opinion was correct upon this issue.' On the trial of the other issues before the jury, the defendant insisted, that as the plaintiff, Enoch D. Ferebee, was a co-obligor with S. Ferebee in the bond on which the judgment had been entered, the debt was therefore in-law suspended, as to all the obligors. The Judge refused to charge as the defendp.nt prayed. We concur with his Honor, in his refusal. If Samuel Ferebee, however, when originally sued, had pleaded specially the above facts, his plea would have been sustained. For the law is well settled, that if an obligor make his will and appoints any one of the obligors his executor, it is a release or extin-guishment of the debt, as to all the obligors. But when the Court appoints one of the obligors to be the administrator of the obligee, it only suspends the debt on the. bond during the administration of that ádministrator, and it does not release or extinguish it,
 
 Williams on Ex.
 
 811
 
 to
 
 815. But if the defendant had pleaded such a special plea to this
 
 sci. fa.
 
 (which he has not,) it could not have availed him anything, for it is an established principle in pleading, that no matter, which might have been well pleaded to the original action, can thereafter be heard, as a defence to a
 
 sci. fa.
 
 brought to revive the
 
 *450
 
 judgment rendered in that aetion. Again, the defendant insisted, that the assignment of the judgment to Baxter, whilst he held the execution in his hands as sheriff, and he also being one of the original obligors in the bond, on which the judgment had been rendered against S. Fere-bee, was in law a satisfaction of the debt. The Judge held otherwise. And we think his Honor was right on this point of the case. The assignment of the judgment to Baxter, was a mere nullity in a Court of law ; and it would not there be noticed. And the fact, that he was then sheriff, and had the execution in his hands for collection, could not opex-ate in law as a satisfaction.
 
 We
 
 think that the judgment must be affirmed.
 

 Per Curiam* Judgment affirmed.